## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NASEER ALI-BEY,　　　　　　　　　　)
as Next Friend/Attorney-in-Fact for　　)
JERMAINE A. GRASTY,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　)　　C.A. No. 25-1499 (GBW)
　　　　　　　　　　　　　　　　　)
PHILIP PARKER, Warden, and　　　　　)
ATTORNEY GENERAL OF THE　　　　)
STATE OF DELAWARE,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondents.　　　　)

## <u>MEMORANDUM ORDER</u>

Naseer Ali-Bey, claiming to be Next Friend or Attorney-in-Fact for Jermaine A. Grasty,[1] filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (D.I. 1), "Notice of Removal of State Criminal Proceeding" (D.I. 1-3), motion for an "Emergency TRO" (D.I. 3), and "Emergency Motion to Stay State Proceedings and Enjoin Imminent Trial" (D.I. 5). In limited circumstances, courts may permit a "next friend" to pursue an action on behalf of another person. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). Prerequisites for obtaining "next friend" standing include: (1) that "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in

---

[1] Grasty is an inmate at Howard R. Young Correctional Institution.

interest cannot appear on his own behalf to prosecute the action;" and (2) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation omitted). Ali-Bey has not provided any information to demonstrate the first prerequisite and nothing other than the Power of Attorney ("POA") attached to the Petition as Exhibit A (D.I. 1-2 at 2) to establish the second. Therefore, Ali-Bey has failed to satisfy the requirements for "next friend" standing.

Even if Ali-Bey had satisfied the requirements for "next friend" standing "[a] non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020) (per curiam); *see also Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (per curiam) (holding "next friend" may not proceed in federal court without attorney). To the extent Ali-Bey relies on the POA as authority to bring this action on behalf of Grasty, a non-lawyer may not bring a lawsuit or prosecute a lawsuit on behalf of another even with a power of attorney. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) (holding power of attorney does not permit *pro se* representation in federal court); *see also* 28 U.S.C. § 1654 (permitting parties in federal court to "plead and conduct their own cases personally or by counsel"); *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018)

2

(stating precedent that "non-attorney may not represent other parties in federal court"). Ali-Bey does not claim to be an attorney.

**WHEREFORE,** at Wilmington on this 3rd day of February 2026, **IT IS HEREBY ORDERED** that:

1.      The "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (D.I. 1), "Notice of Removal of State Criminal Proceeding" (D.I. 1-3), motion for an "Emergency TRO" (D.I. 3), and "Emergency Motion to Stay State Proceedings and Enjoin Imminent Trial" (D.I. 5) are **DISMISSED WITHOUT PREJUDICE** to Grasty's right to raise these claims on his own behalf, either *pro se* or through counsel.

2.      In addition to mailing a copy of this Order to Ali-Bey, the Clerk is directed to mail a copy of this Order, the Petition and its Exhibits (D.I. 1; D.I. 1-2; D.I. 1-3), the motion for an "Emergency TRO" (D.I. 3), and the "Emergency Motion to Stay State Proceedings and Enjoin Imminent Trial" (D.I. 5) to Jermaine A. Grasty – SBI #00818636, Howard R. Young Correctional Institution, PO Box 9561, Wilmington, DE 19809. The Court notes that instructions and forms for filing a petition for a writ of habeas corpus (including both AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and AO 241 Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody) and an Application to Proceed in District Court without Prepaying Fees or Costs (also known as a

motion for leave to proceed *in forma pauperis*) can be found on the Court's website

at https://www.ded.uscourts.gov/forms.

     3.    The Clerk is directed to **CLOSE** the case.


_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE